## McNee v. Norwood Borough School Board

*Walter T. ReDavid*, for plaintiffs.

*George S. Sauliner* and *Philip B. Driver, Jr.*, for defendants.

DIGGINS, J., January 11, 1960.—This matter comes before the court on preliminary objections. Plaintiffs filed their complaint in trespass quare clausum fregit against defendants who constitute the School Board of the Borough of Norwood, Delaware County, seeking recovery for damages sustained to plaintiffs' property.

The preliminary objections averred that defendant, a municipal corporation, was immune from liability because the injury arose out of the exercise of a governmental function.

The complaint alleges that beginning on or about June 1956, and on divers other occasions before the action was commenced, defendant removed fill from the school grounds which are adjacent to the Seneca Avenue Elementary School of the Norwood School District, which lot adjoins plaintiffs' property at the rear, and the complaint further alleges that defendant cut, dug and made and caused to be cut and dug divers channels and trenches as a result of which defendant unlawfully and injuriously caused to be diverted large quantities of water onto plaintiffs' premises.

This change in the flow of surface water allegedly caused holes in plaintiffs' driveway, eroded the soil and deprived plaintiffs of the use and enjoyment of their premises, and they seek damages in the amount of $216.40 as the sum required to restore their premises to usable condition and to prevent further damage.

The question involved here is whether or not this school district is immune from liability under this state of facts and whether or not the preliminary objections should be sustained. We think that this matter is res judicata in Delaware County under the rule in Sturges v. School District of the City of Chester, 33 D. & C. 525, where the facts were similar and the pleadings identical, wherein President Judge Fronefield, speaking for the court, held that while a school district is not liable for the negligence of its officers, agents, employes or contractors, it is liable for special injury resulting from a nuisance maintained by it.

This case further holds that it is not necessary in an action to recover damages resulting from a nuisance, to allege that the matter complained of constitutes a nuisance, it being sufficient to state facts showing that the matter complained of is actually a nuisance.

The foregoing is also cited as the rule of law in 66 C. J. S. §147, p. 952, and 39 Am. Jur. §142, p. 404, and therefore we make the following

*Order*

And now, to wit, January 11, 1960, the preliminary objections are dismissed and defendants given 20 days in which to file an answer on the merits if they so desire.